**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHERYL ANN MERRILL,**

        **Plaintiff,**

v.     Case No: 6:16-cv-1984-Orl-40GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. §406(b) (Doc. No. 33)** |
| **FILED:** | **January 14, 2019** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

**I.   BACKGROUND.**

On October 31, 2016, Plaintiff and her counsel, Richard A. Culbertson, Esq., entered into a contingency fee agreement (the "Agreement") whereby Plaintiff agreed to pay counsel a fee of twenty-five percent of the total amount of past-due benefits ultimately awarded. Doc. No. 33-1. On August 24, 2017, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. Nos. 19-20. On November 7, 2017, Plaintiff was awarded attorney's fees in the amount of $3,186.75 under the Equal Access to Justice Act, 28

U.S.C. § 2412(d) (the "EAJA"). Doc. No. 24 at 1.

On July 16, 2018, the Commissioner sent Plaintiff a Notice of Award, stating that Plaintiff's past-due benefits are $30,967.00, and that she is withholding $7,741.75 in anticipation of paying an attorney's fee. Doc. No. 33-2 at 4. On August 3, 2018, counsel filed a motion (the "Original Motion") for authorization to charge Plaintiff $1,741.75 in attorney's fees, pursuant to 42 U.S.C. § 406(b). Doc. No. 27 at 1. When the Original Motion was filed, *Wood v. Commissioner of Social Security*, 861 F.3d 1197 (11th Cir. 2017), *cert. granted sub nom. Culbertson v. Berryhill*, 138 S. Ct. 2025 (2018), was binding upon the Court. *Wood* held that the aggregate of attorney's fees awarded under § 406(a), which is awarded for work done at the administrative level, and § 406(b) may not exceed the cap of twenty-five percent of past-due benefits awarded. *Id.* at 1205. Based on *Wood*, it was recommended that the Court deny the Original Motion. Doc. No. 28.

On January 8, 2019, the United States Supreme Court reversed *Wood* and held that "the statute does not impose a 25% cap on aggregate fees." *Culbertson v. Berryhill*, No. 17-773, 2019 WL 122163, at *2 (U.S. Jan. 8, 2019). On January 10, 2019, the Court vacated its order adopting the report and recommendation and directed Plaintiff to file a renewed authorization to charge a reasonable attorney's fee under § 406(b). Doc. No. 32. On January 14, 2019, counsel filed a renewed motion (the "Renewed Motion") for authorization to charge Plaintiff $4,555.00 in attorney's fees pursuant to § 406(b). Doc. No. 33 at 1.

**II.    LAW.**

Section 406(b)(1)(A) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social

> Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See id.*; § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the Eleventh Circuit held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Since Plaintiff was awarded past-due benefits following remand (*see* Doc. No. 33-2), the Court may award attorney's fees under § 406(b).

### III. ANALYSIS.

#### A. Fee Awards under § 406(b).

Counsel requests authorization to charge Plaintiff $4,555.00 in attorney's fees. Doc. No. 33 at 1. Under the EAJA, Plaintiff was awarded $3,186.75 in attorney's fees. Doc. No. 24. The amount authorized under § 406(b) must be reduced by the EAJA award. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) (holding that district court erred in increasing the fee awarded under § 406(b) and ordering the claimant's attorney to refund the EAJA award to the client, and instead, "the district court could have simply awarded [the attorney] the difference between 25% of [the claimant's] past-due benefits and the amount of the EAJA fee."). Twenty-five percent of the past-due benefits awarded--$30,967.00--equals $7,741.75. Reducing $7,741.75

by the amount of EAJA fees awarded ($3,186.75) equals $4,555.00.

### B. Reasonableness of Contingent Fee.

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). "[T]he best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not per se reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or overreaching in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or the contingency fee agreement would provide a fee "so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citing *McGuire*, 873 F.2d at 981, and *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire*, 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent fee award in a social security case."). Finally, "because Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

In *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider

> the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

(Citations omitted.) Courts in the Middle District of Florida adopt this analysis. *E.g., McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777, at *2-3 (M.D. Fla. Oct. 23, 2008).

Counsel represents that he and his associate spent at least 16.3 hours on Plaintiff's case before this Court. Doc. No. 33 at ¶ 5. As a result of counsel's work, Plaintiff was successful on her claim. Doc. Nos. 18-20. The Agreement demonstrates that Plaintiff was aware of and agreed to pay attorney's fees equal to twenty-five percent of the total of past-due benefits to which he was entitled. Doc. No. 33-1. In the Renewed Motion, counsel requests an award of $4,555.00. Doc. No. 33 at 1. The results obtained, the Renewed Motion, and the contingent fee agreement demonstrate that an award of $4,555.00 in attorney's fees is reasonable.

### IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court **GRANT** the Renewed Motion (Doc. No. 33), and direct the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. **To expedite the resolution of this matter, if the parties have no objections to this report and recommendation,**

- 6 -

**they may promptly file a joint notice of no objection**.

      **RECOMMENDED** in Orlando, Florida, on February 6, 2019.

                                                          GREGORY J. KELLY
                                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties